UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Jackson National Life Insurance Company,

                Plaintiff,        Civ. No. 12-1406 (RHK/FLN)
                                          **ORDER**

v.

Catlin Specialty Insurance Company,

                Defendant.

---

      This matter is before the Court *sua sponte*.

      On June 13, 2012, Plaintiff Jackson National Life Insurance Company ("Jackson") commenced this declaratory-judgment action against Defendant Catlin Specialty Insurance Company ("Catlin"). The Complaint alleges that Jackson has obtained a judgment against Workman Securities Corporation, Catlin's insured, in an action previously pending in this Court (the "Related Action"). (Compl. ¶¶ 3, 5.) In the *instant* action, Jackson seeks a declaratory judgment that Catlin is obligated to satisfy the judgment it obtained in the Related Action.

      Jackson invokes the Court's diversity jurisdiction under 28 U.S.C. § 1332 (Compl. ¶ 7),[1] and accordingly it bears the burden of pleading facts establishing the existence of diversity. E.g., Walker v. Norwest Corp., 108 F.3d 158, 161 (8th Cir. 1997). Doing so required it to plead "with specificity the citizenship of the parties." Barclay Square

---

[1] The Declaratory Judgment Act, 28 U.S.C. § 2201, "does not provide an independent basis for federal jurisdiction." Zutz v. Nelson, 601 F.3d 842, 850 (8th Cir. 2010).

Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis, 893 F.2d 968, 969 (8th Cir. 1990).  It has failed to do so.

Under 28 U.S.C. § 1332(c)(1), a corporation is deemed to be a citizen of its state of incorporation *and* the state where it has its principal place of business.  While Jackson alleges that it is a Michigan corporation (see Compl. ¶ 1), it has not identified the location of its principal place of business.  Moreover, the nature of the claims in this case implicate 28 U.S.C. § 1332(c)(1)(A)-(C), which provides:

> [I]n any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured in not joined as a party-defendant, such insurer shall be deemed a citizen of—
>
> (A)   every State and foreign state of which the insured is a citizen;
>
> (B)   every State and foreign state by which the insurer has been incorporated; and
>
> (C)   the State or foreign state where the insurer has its principal place of business.

(emphasis added).  Hence, for diversity purposes, in this action Catlin is a citizen of (1) its state of incorporation, (2) the state in which its principal place of business is located, and (3) every state in which *Workman* is a citizen.  But while the Complaint indicates that Catlin "is a Delaware corporation" (Compl. ¶ 4), it does not specify the location of Catlin's principal place of business, nor does it specify the location of

Workman's principal place of business (which is necessary to ascertain Workman's citizenship and, derivatively, Catlin's).[2]

Based on the foregoing, **IT IS ORDERED** that Jackson shall redress the deficiencies set forth above (by filing an Amended Complaint or otherwise) on or before June 29, 2012, or the Court will dismiss this action for lack of subject-matter jurisdiction.

Date:  June 14, 2012                                    s/Richard H. Kyle
                                                        RICHARD H. KYLE
                                                        United States District Judge

---

[2] The Complaint's conclusory assertions that Jackson and Workman are citizens of Michigan and Minnesota, respectively, do not suffice to plead "with *specificity* the citizenship of the parties." Barclay Square Props., 893 F.2d at 969; see Dowie v. Osburn, 815 F. Supp. 2d 1051, 1053 (S.D. Iowa 2011).